Mr. J ustice Merrick
delivered the opinion of the court.
This was a bill filed for the purpose of vacating as fraudulent a deed which was made by Looney to his brother-in-law, the brother-in-law selling the same property to John Gr. Wolfe. So far as one-half of the case is concerned the complainant has sustained it by evidence ; that is to say, he has very effectually and conclusively proved that Looney transferred the property in fraud of his creditors, to his brother-in-law, Patrick Herlihy.
But, unfortunately the .proof of that does not establish the plaintiff's right to recover, because that grantee transferred the property, in his turn, to John Gr. Wolfe,'the party against whom the bill is filed, and there is no proof in the case whatsoever, either by the answers or by any of the witnesses whom the complainant has convened for the purpose of establishing his demand, that Wolfe did not pay a bona fide consideration for the property ; nor is there any proof that he was implicated in the fraudulent designs of the original grantor to the original grantee.
*193 It is true there are a great many circumstances of suspicion surrounding the case, and if we were.as private individuals, to indulge in those suspicions which prudent men are bound to entertain in order to guard themselves in ordinary transactions, we might come to the conclusion that the complainant has arrived at, that the second deed, as well as the first one, was fraudulent in law. But courts of justice are not allowed to indulge in speculation, but must adhere to the fixed rules of evidence made for the regulation of human affairs, and in the end they work much more substantial justice than does the indulgence of the caprice of the individual judgment of a man, however wise he may be, as applied to the particular instance.
Finding, then, that the answer of the defendant, John Gr. Wolfe, under his solemn oath, denies all fraud and avers a valuable consideration to have been paid for the property; finding that the very witnesses that the complainant has relied upon, while admitting there is fraud in the first grantee, with equal earnestness deny any fraud in the second grantee, the court is unable to see on what foundation in law the complainant can rely.
If he had pursued his inquiries into the fraud of the second grantee, with the same diligence of effort which he used to prove fraud in the first grantee, and as he might have done by the examination, possibly, of other witnesses and the arrangement of collateral facts, he might have established that which he has failed to establish.
The court cannot, by any suggestion or inference of facts, in the face of that rule of law which says that fraud is odious and not to be presumed, presume anything. The fraud must be proved, and the court cannot supply the deficiency of proof. The record, therefore, shows to us that he has failed in his contention and that the decree below must be reversed.